[No. 3,460.]

## HOGAN *v*. WINSLOW.

APPLICATION TO PURCHASE LAND—FILING AFFIDAVIT.—No rights will attach in favor of an applicant to purchase school land from the State, under the Act of April 27th, 1863, until he files the affidavit prescribed by sections twenty-eight and twenty-nine of that Act, indorsed on a description of the land, in the office of the County Recorder.

TIME OF FILING AFFIDAVIT.—The statute does not require that the affidavit shall not be filed before or at the time of the other proceedings. It is only necessary that it be filed within a reasonable time before or after, and for the purposes of the intended purchase.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

The facts are stated in the opinion.

*J. B. Hall*, for Appellant.

*J. H. Budd*, for Respondent.

By the Court, BELCHER, J.:

This is an action to determine which of the parties to it is entitled to purchase from the State of California a part of a thirty-sixth section of land in the County of San Joaquin. It appears from the findings of the Court that the respondent, Winslow, on the 9th day of May, 1868, made a proper application and presented the necessary affidavits to the locating agent for the Stockton Land District to purchase the land in controversy under the provisions of the Act of April 27th, 1863, to provide for the sale of certain lands belonging to the State. On the eleventh day of the same month Winslow made and filed with the County Recorder of San Joaquin County the affidavit required by sections twenty-eight and twenty-nine of the Act. The locating agent then presented the application to the Register of the Stockton Land Office, and took the other necessary steps to make good the location, and, on the twelfth day of the month forwarded all the papers to the State Surveyor General, by whom, on the thirteenth, they were received and filed. When this application was made the land had been transferred from the Stockton District to a then newly created United States Land District, called the Sacramento Land District, but neither the respondent, nor the Register of the Stockton District, nor the Locating Agent for that district, had received any notice of that fact. On the sixteenth of the month the respondent made application to purchase the land to the Locating Agent for the Sacramento District, upon the affidavits which were then on file with the Surveyor General, and the said Locating Agent then presented the application to the Register of the Land Office for that dis-

trict, and, having obtained his acceptance of the selection, forwarded the same, with a corresponding certificate of location, to the Surveyor General, by whom they were received and placed on file.

Afterwards, on the nineteenth of the month, the respondent made a new application to purchase the land, in all respects in conformity to the law, except that he did not again file the affidavit required by sections twenty-eight and twenty-nine of the Act.

On the fifteenth of the month the appellant, Hogan, made application to purchase the land, and presented the necessary affidavits therefor to the proper locating agent, who then approved the application, and on the next day forwarded all the papers to the office of the Surveyor General, where they were on that day received and filed. This application was in all respects regular in form, but two of the witnesses who were called to verify the applicant's statements, as required by section four of the Act, were wholly ignorant of the facts deposed to by them. They had been told by the applicant that he wanted witnesses to identify himself, and that the affidavit was for that purpose. They thereupon, relying upon his statements as to its contents, subscribed and swore to the affidavit, without reading it or hearing it read. Moreover, the appellant failed to file the affidavit, required by sections twenty-eight and twenty-nine of the Act, in the office of the County Recorder of San Joaquin County, until the twenty-first day of the month.

Upon these facts the Court below rendered judgment for the respondent, and we think rightly.

Neither party is shown to have ever had any possession of the land, or any rights or equities in connection with it, except such as arise under the statute upon the facts stated.

It is clear that no rights attached in favor of the appellant in consequence of the proceedings taken by him until he filed his affidavit, indorsed on a description of the land, in

the office of the County Recorder on the twenty-first day of the month. (*Dunn* v. *Ketchum*, 38 Cal. 93.)

But before that time the respondent's application was made perfect by a full compliance with all the requirements of the law. Conceding that his first application, presented to the Locating Agent of the Stockton Land District, should be disregarded, because the land was at that time in another district, and that the second should be disregarded, because made upon affidavits used in the first, we still think the third application, made on the nineteenth of the month, good and effectual. It was not necessary that he should again file his affidavit, indorsed upon a description of the land, in the office of the County Recorder. He had filed it there on the eleventh day of the month for the purpose of purchasing this identical piece of land, and was then and thereafter, until the nineteenth, diligently endeavoring to do what the law required to make good his location. The statute did not require that this affidavit should be filed *after* the other proceedings were taken. It might be filed before or at the time they were being taken. It was necessary only that it be filed within a reasonable length of time before or after, and for the purposes of a then intended purchase.

Judgment affirmed.

Mr. Chief Justice WALLACE did not express an opinion.